Samuel Joseph IAQUINTA, Sr., and Anthony Iaquinta, Plaintiffs,

v.

William M. SLOAN et al., Defendants.

Civ. A. No. 71–19–W.

United States District Court,
N. D. West Virginia.

Oct. 26, 1972.

Samuel Joseph Iaquinta, Sr. (acting as own counsel), Weirton, W. Va., for plaintiffs.

Chauncey H. Browning, Jr., Atty. Gen., of W. Va., Augustine A. Mazzei, Jr., Special Asst. Atty. Gen., Charleston, W. Va., for defendants.

MAXWELL, Chief Judge.

Plaintiffs in the above styled civil action are engaged in the sale and repair of motor vehicles in Weirton, West Virginia. During the past several years they have been operating as sole proprietors or, at times, in partnership with each other, under the business names of Iaquinta Auto Body Shop, Iaquinta Auto Sales or the Iaquinta Auto Sales and Service Company.

Plaintiffs allege that defendant Sloan, being sued individually as well as in his official capacity as Director of the Motor Carrier Division of the West Virginia Public Service Commission, and the defendant Public Service Commission (PSC) exercised their powers in an illegal, arbitrary and discriminatory manner when dealing with plaintiffs' applications to the PSC for a certificate of convenience and necessity to operate a wrecker service in Hancock and Brooke Counties. Based on an alleged violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, plaintiffs have instituted this pro se civil action and have requested this Court to issue a "preliminary and permanent injunction enjoining the defendants and their agents . . . (and others from) . . . acting in concert . . . (in) refusing to allow plaintiffs to engage in the emergency towing of wrecked and/or disabled motor vehicles. . . . "

In their answer defendants have questioned the jurisdiction of this Court to hear this case in that the complaint fails to raise any federal question. It appears, however, that plaintiffs have met the minimum requirements of notice pleading by alleging, albeit in a vague and inferential manner, a violation of the Fourteenth Amendment.

Defendants also question whether or not venue is properly laid in this Court. Since West Virginia Code § 14-2-2 provides that an action against any state officer or agency must be brought in the Circuit Court of Kanawha County, West Virginia, defendants conclude that this federal action can be brought only in the United States District Court for the Southern District of West Virginia. Of course, the general venue statute governing federal actions, 28 U.S.C. § 1391, and not West Virginia law, would control. In particular, § 1391(b), providing for the bringing of actions "not founded solely on diversity of citizenship . . . . only in the judicial district where all defendants reside, *or in which the claim arose*" (emphasis added), would seem broad enough to permit this case to be brought in this judicial district.

Defendants have also filed a motion to dismiss this action or in the alternative to grant summary judgment in defendants' favor. Exhibits and affidavits of state officials accompanied defendants' motion. Plaintiffs in turn have filed their "Motion for Judgment."

The powers and duties of the PSC are set forth in West Virginia Code § 24-1-1 et seq. In requiring a common carrier by motor vehicle (except those excluded in § 24A-1-3) to first obtain a certificate of convenience and necessity, West Virginia Code § 24A-2-5(a) provides:

It shall be unlawful for any common carrier by motor vehicle to operate within this State without first having obtained from the commission a cer-

tificate of convenience and necessity. Upon the filing of an application for such certificate and after hearing thereon, if the commission finds from the evidence that the public convenience and necessity require the proposed service or any part thereof, it shall issue the certificate as prayed for, or issue it for the partial exercise only of the privilege sought, and may attach to the exercise of the right granted by such certificate such terms and conditions as in its judgment the public convenience and necessity may require, and if the commission shall be of the opinion that the service rendered by any common carrier holding a certificate of convenience and necessity over any route or routes in this State is in any respect inadequate or insufficient to meet the public needs, such certificate holder shall be given reasonable time and opportunity to remedy such inadequacy or insufficiency before any certificate shall be granted to an applicant proposing to operate over such route or routes as a common carrier. Before granting a certificate to a common carrier by motor vehicle the commission shall take into consideration existing transportation facilities in the territory for which a certificate is sought, and in case it finds from the evidence that the service furnished by existing transportation facilities is reasonably efficient and adequate, the commission shall not grant such certificate.

In addition, West Virginia Code § 24A–2–5(c) states in pertinent part:

No certificate issued in accordance with the terms of this chapter shall be construed to be either a franchise or irrevocable or to confer any proprietary or property rights in the use of the public highways. No certificate issued under this chapter shall be assigned or otherwise transferred without the approval of the commission.

The record in this case discloses that from October 1964, to March 1970, plaintiffs presented numerous applications to the PSC for the issuance of a certificate of convenience and necessity to operate a wrecker service. In addition, two applications by other businesses were presented which sought the transfer and assignment of an existing certificate to the plaintiffs. With one exception these applications were denied.

The one exception occurred in 1966 and involved a transfer of an existing certificate to plaintiff Anthony Iaquinta. This certificate authorized plaintiff to tow "tractors, trailers and trucks . . . along U. S. Route No. 22 and State Route No. 2, and the alternates of said routes, in Brooke and Hancock Counties. . . ." Upon a finding that plaintiff had contravened the certificate by towing automobiles, the PSC revoked this certificate on August 20, 1970.

As shown by defendants' affidavits and in the exhibits attached to defendants' memorandum of law, plaintiffs have exercised their rights of appeal under West Virginia Code § 24A–8–1 and have petitioned the West Virginia State Supreme Court of Appeals for review of the PSC's decisions. The appellate court upheld the PSC's actions. Previous to the instituting of this action plaintiffs filed suits against the same defendants in the Circuit Court of Hancock County, West Virginia, the Circuit Court of Kanawha County, West Virginia, and in this Court, Civil Action No. 67–17–W.

■■ An examination of the entire record in this case fails to support plaintiffs' contentions that the defendants acted in an illegal, arbitrary or discriminatory manner. On the contrary, it appears that plaintiffs have been afforded sufficient opportunities to present their applications. The copies of the orders entered by the PSC convince this Court that the due process provisions of the Fourteenth Amendment were complied with. As noted by defendants, the ability of a common carrier to operate on the state highways is a privilege conferred by the state legislature and not a right. This Court is of the opinion, therefore, that defendant's motion for summary judgment should be granted.